UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,          CASE NO. 17-20140
                               HON. DENISE PAGE HOOD
v.

MARLON FENCHER,

          Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO CLARIFY SENTENCE LENGTH [#49]

Now before the Court is Defendant Marlon Fencher's ("Fencher") *pro se* "Motion to Clarify Sentence Length to the Bureau of Prisons." (Doc # 49, filed Apr. 5, 2018) This motion alleges that Defendant's sentence for Bank Fraud Conspiracy and Aggravated Identity Theft was wrongly extended from thirty-six to thirty-seven months due to a clerical error. Defendant seeks to have this Court rectify the alleged error, and provide the Defendant with a copy of his judgment and sentencing transcript. For the reasons set forth below, Defendant's motion is **DENIED**.

I.    ANALYSIS

    **A. Legal Authority**

Defendant seeks to bring an alleged clerical error in his sentencing to the Court's attention. District courts may correct a "clerical error" in a judgment "at any

1

time." Fed. R. Crim. P. 36. Such an error must be the result of a mechanical, recitation-like mistake, and not the result of judgment or omission by the Court. *See United States v. Robinson*, 368 F.3d 653, 656 (6th Cir. 2004).

In addition, Defendant's requests for a copy of his judgment and sentencing transcript can be construed as a request for the preparation of documents at the expense of the United States. 28 U.S.C.A. § 753(f) (West 2016). Fees for transcripts requested by persons *in forma pauperis* shall be paid by the United States "if the trial judge . . . certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue." *Id.*

### B. Absence of Clerical Error

Defendant's motion lacks merit, since no clerical error occurred. On February 6, 2018, Defendant was sentenced to thirteen months for Bank Fraud Conspiracy (18 U.S.C. §§ 1344 and 1349) and twenty-four months for Aggravated Identify Theft (18 U.S.C. §§ 1028A and 1028(a)(1) and (b)), resulting in a thirty-seven month sentence. (Doc # 47) There is no clerical error, and no grounds for clarification with the Federal Bureau of Prisons.

### C. Request for Transcripts

Defendant's request for transcripts at the expense of the Court is also denied. In addition to Defendant not registering with the Court for *in forma pauperis* status, there is no clerical error to justify the request. Since the transcripts are not necessary

for the resolving of a legal issue, the request is without merit. If the Defendant seeks further information beyond what was provided in this order, he may submit a request to the court reporter and pay the subsequent fee. 28 U.S.C.A. § 753(f) (West 2016).

## II. CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendant Marlon Fencher's Motion to Clarify Sentence Length to the Bureau of Prisons (Doc # 49) is **DENIED**.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: August 10, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 10, 2018, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager